UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE R. CANUELAS, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-1470 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN D. SAUERS, | : | |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.  *Introduction*

Jorge R. Canuelas has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is challenging prison disciplinary proceedings conducted while he was housed at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania.  As a result of the proceedings, he lost 54 days good conduct time and forfeited 162 days of non-vested good conduct time.

We will dismiss the petition as moot because Petitioner has been released from confinement and any relief by way of habeas is no longer available.

II.  *Background*

Petitioner challenges disciplinary proceedings in which he was charged with possession of a hazardous tool (a cell phone).  He alleges that the sanctions he received following his August 23, 2011, disciplinary hearing were imposed in violation of double jeopardy and his due process rights.  As relief, he seeks reinstatement of the lost good time

as well as the expungement of his criminal conviction for the possession of the cell phone.[1] (Doc. 1, Pet.).

On October 5, 2012, Canuelas was released to a half-way house.  (Doc. 5 and Doc. 10-1, Romano Decl. ¶ 2).  A review of the Bureau of Prisons' website reveals that Canuelas was released from BOP custody on November 20, 2012, at the expiration of his sentence of confinement.  *See* www.bop.gov, Inmate Locator.

III.   *Discussion*

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005).  Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007).  The crucial issue is whether the

---

[1] On November 10, 2011, Canuelas was charged in the Middle District of Pennsylvania with "knowingly possess[ing] and obtain[ing] a cellular telephone, a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(4) and (d)(1)(F)."  *Canuelas v. United States*, No. 11-CR-330, 2012 WL 375297 (M.D. Pa. Feb. 3, 2012).  On December 7, 2011, he was sentenced to a term of one month's imprisonment to run consecutively to the sentence he was then serving, a 2008 conviction imposed by the United States District Court for the Eastern District of Pennsylvania.  (*Id.*)

petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983.  This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist.  *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).  Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction.  *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983.  By contrast, challenges to the execution of a sentence that has already been served will not be presumed.  *Spencer*, 523 U.S. at 12-14, 118 S.Ct. at 985-986.

In the instant case, Canuelas is no longer incarcerated and challenges the execution of his sentence.  Consequently, Canuela's petition requesting reinstatement of his good conduct time is moot because he has been released from federal custody.  Once Canuelas served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c).  As such, his release eliminates the Court's ability to grant him any relief.  Under these circumstances, Canuelas cannot demonstrate any continuing collateral consequences or injury now that he has been released.[2]  As no live controversy remains,

---

[2] We note that, in any event, Petitioner's double jeopardy claim has no merit.  "[A] prison disciplinary hearing is not a prosecution for Double Jeopardy Clause purposes." *United States v. Newby*, 11 F.3d 1143, 1144-45 (3d Cir. 1993).

Canuelas' Petition for Writ of Habeas Corpus will be dismissed as moot.  *See Scott v Schuykill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 28, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE R. CANUELAS, | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-1470 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN D. SAUERS, | : | |
| Respondent | : | |

*O R D E R*

AND NOW, this 28th day of November, 2012, it is ordered that:

  1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

  2. The Clerk of Court is directed to close this file.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge